108 F.3d 1385
 79 A.F.T.R.2d 97-2005, 97-1 USTC P 50,352
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Viney K. GUPTA; Saroj Gupta, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee. (Two Cases)
 Nos. 95-70735, 95-70736.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 17, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 MEMORANDUM**
 Viney and Saroj Gupta appeal pro se the Tax Court's decision finding deficiencies in their federal income taxes for 1989, 1990, and 1991 in accordance with a stipulated agreement that was read into the record. We have jurisdiction pursuant to 26 U.S.C. § 7442, and we affirm.
 The Gupta's contend that the stipulated settlement should not be enforced because it omitted the deductions claimed in their amended petition to the Tax Court. This contention lacks merit.
 The Tax Court's enforcement of a stipulation is reviewed for abuse of discretion. See Bail Bonds by Marvin Nelson, Inc. v. Commissioner, 820 F.2d 1543, 1547 (9th Cir.1987). A stipulation is treated as a conclusive admission by the parties to the stipulation unless otherwise permitted by the court or agreed upon by those parties. See Tax Ct.R. 91(e). The Tax Court will not permit a party to a stipulation to qualify, change, or contradict a stipulation in whole or impart, unless manifest injustice will result. See Bail Bonds, 820 F.2d at 1547; Tax Ct.R. 91(e).
 
 
 1
 Here, the Guptas negotiated the terms of, and stated that they agreed to, the stipulations that were read into the Tax Court's record. In addition, the Guptas have not presented any evidence that their consent was procured by fraud, coercion, or any misconduct by the government. Moreover, the Guptas presented no evidence of any other condition that would render enforcement of the stipulated agreement manifestly unjust. Accordingly, the Tax Court did not abuse its discretion by entering decision pursuant to the stipulated agreement. See Bail Bonds, 820 F.2d at 1548; Tax.Ct.R. 91(e).
 
 
 2
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the Gupta's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3